UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

MATT E. MINIARD,

    Plaintiff,

v.

LFUCG DIVISION CODE ENFORCEMENT, *et al.*,

    Defendants.

No. 5: 23-CV-050-REW

MEMORANDUM OPINION
AND ORDER

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Matt E. Miniard is a resident of Lexington, Kentucky. Proceeding without an attorney, Miniard has filed a civil complaint against Defendants Lexington-Fayette Urban County Government ("LFUCG") Division of Code Enforcement, Director of Code Enforcement Alex Olszowy, LFUCG Attorney Evan Thompson, and LFUCG Code Officer Steven Gahafer. *See* DE 1. Miniard has paid the $350.00 filing fee and the $52.00 administrative fee. *See id*. Although Miniard is proceeding without counsel, his complaint is not subject to preliminary screening by the Court because he is not incarcerated, rendering 28 U.S.C. § 1915A inapplicable, and he has paid the filing fee, rendering 28 U.S.C. § 1915(e)(2) inapplicable. *Benson v. O'Brian*, 179 F. 3d 1014 (6th Cir. 1999). However, there are several preliminary matters that must be addressed before this matter proceeds further.

I.

First, Miniard has not requested that summons be issued pursuant to Fed. R. Civ. P. 4 so that the defendants may be properly served with summons and a copy of the complaint. Pursuant to Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons

1

and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).[1]  Under Rule 4(m), the time period for service is 90 days after the complaint is filed, absent a showing of good cause.  Fed. R. Civ. P. 4(m).  Thus, if any defendant is not served within 90 days from the date the complaint was filed, Miniard's claims against that defendant will be dismissed without prejudice.  *Id*.  While parties proceeding pro se are granted some leniency, they are expected to be familiar with and follow this District's Local Rules and the Federal Rules of Civil Procedure.

Miniard may request blank official process forms from the Clerk of the Court.  *See* LR 4.3(a).  If Miniard successfully completes and returns summons to the Clerk of the Court, he is advised that each of the summonses issued and returned to Miniard for service will be accompanied by a one-page Proof of Service form.  For each issued summons, this form must be completed by the person who served the summons and then filed with the Clerk of the Court to establish proof of service as required by Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.  Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").  However, Rule 4(c)(2) provides that service may be made by "[a]ny person who is at least 18 years old *and not a party*." Fed. R. Civ. P. 4(c)(2)(emphasis added).  Thus, because Miniard is a party to the proceeding, he must use a process server to effect service; he cannot do it himself.  *Id*.; *Lee v. George*, No. 3: 11-CV-607-CRS, 2012 WL 1833389, at *3 (W.D. Ky. May 18, 2012) ("Since Lee is a party to the action, his attempt to serve process upon Judge George renders the service improper.").

---

[1] Federal Rule of Civil Procedure 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915…" Fed. R. Civ. P. 4(c)(3). However, Miniard is not proceeding in this case *in forma pauperis*, nor has he provided the Court with any reason why the USMS should be tasked with this expense and responsibility, thus the USMS is not required to effectuate service on his behalf.

2

II.

Miniard has also filed two separate motions seeking emergency injunctive relief related to an upcoming sale of property located at 3801 Boston Road in Lexington, Kentucky, by the Master Commissioner of the Fayette Circuit Court. *See* DE 5, 6. Prior to addressing the merits of Miniard's motions, a brief discussion of his complaint and the underlying state court litigation referenced within it is warranted.

A.

The allegations of Miniard's complaint are set forth in a rambling, disjointed manner, thus the basis and nature of his claims is not entirely clear. *See generally* DE 1. However, from what the Court is able to ascertain, in his complaint, Miniard alleges that he is the "sole owner stockholder" of Realty Unlimited Blue Grass LLC ("RUBG"), which owns vacant property located at 3801 Boston Road in Fayette County, Kentucky. *See* DE 1 at p. 6. At some point, it is apparent that the LFUCG Division of Code Enforcement cited RUBG (the owner of the property) for various code violations related to the condition of the property, eventually leading to litigation in the Fayette Circuit Court and resulting in the currently-scheduled Master Commissioner sale. *See generally* DE 1.

In his complaint, Miniard claims that the sale of the property was ordered "in act of punishment and deprivation of Plaintiffs of rights to own the property by the Defendants and LFUCG Code in act of personal spitefulness," *see* DE 1 at p. 2, arguing that the LFUCG has selectively and excessively enforced various code violations related to the condition of the property, failed to recognized the efforts that have been made to abate the various code violations, and generally held RUBG to a higher standard than it has held the owners of other properties allegedly in similar conditions. *See* DE 1 at p. 2-4; 6-14. Miniard also faults the LFUCG for

3

failing to timely provide a payoff amount that would stop the Master Commissioner's sale. *Id*. at p. 4-5.

According to public Fayette Circuit Court records, the LFUCG filed a complaint against RUBG related to the condition of the property on October 22, 2021. *See LFUCG v. Realty Unlimited Bluegrass, LLC, and Unknown Occupants*, No. 21-CI-3195 (Fayette Cir. Ct. 2021).[2] RUBG, represented by counsel, filed an Answer on December 8, 2021, asserting various defenses, including that "[o]ne or more of the citations referred to in the Complaint are substantively or procedurally defective and therefore not proper grounds for enforcement or foreclosure," and that "[w]hile issuing multiple citations against the property in question [LFUCG] has failed to enforce the same ordinances against properties of other owners with similar conditions, so that [LFUCG] is unlawfully selectively enforcing its ordinances, unlawfully discriminating against this Defendant, and is unlawfully harassing Defendant in the process." *Id*. at "Answer" filed on 12/08/2021 at Fourth and Fifth Defenses. However, on April 12, 2022, RUBG amended its answer, acknowledging in its motion to amend that "it is precluded from first raising, at the circuit-court stage, procedural or substantive defects in the citations that resulted in the fines [LFUCG] seeks in this action to collect; including defects based upon discriminatory enforcement of ordinances." *See id.* at "Motion to Amend" filed on 04/12/2022; Exhibit filed on 04/12/2022 (Amended Answer).

On May 5, 2022, the Fayette Circuit Court entered a Judgment and Order of Sale, ordering a sale of the property located at 3801 Boston Road to be held on May 31, 2022. *See id*. at "Order-

---

[2] The Kentucky Court of Justice online court records, including the records for the Fayette Circuit Court, are available at https://kcoj.kycourts.net/kyecourts. The Court "may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *see also* Fed. R. Evid. 201(b)(2). Records on government websites are typically self-authenticating. *See* Fed. R. Evid. 902(5).

Other" filed on 02/22/2023 (Order of Sale).  However, on June 8, 2022, the court entered an Order staying the sale and ordering the parties to mediation.  *Id*.

On August 10, 2022, LFUCG and RUBG reached a Mediation Settlement Agreement requiring RUBG to pay a reduced sum of $3,400.00 within 90 days of the agreement and to "remove the debris clippings on the Overview side of the property to LFUCG's reasonable satisfaction, by either mulching, chipping, burning or removing, by no later than December 1, 2022."  *Id*. at "Motion-Other" filed on 12/19/2022 (LFUCG's Motion to Schedule Master Commissioner's Sale, Exhibit A – Mediation Settlement Agreement).

However, on December 19, 2022, LFUCG filed a motion to schedule a Master Commissioner's sale of the property on the grounds that RUBG failed to pay any amount of money to LFUCG as agreed upon in the Settlement Agreement and that the nuisance abatement work on the property was insufficient.  *Id*.  RUBG responded, admitting that it had failed to pay the agreed-upon sum to LFUCG, but requesting an evidentiary hearing as to whether the LFUCG should be "reasonably satisfied" with its abatement work.  *Id*. at "Response" filed on 01/19/2023.

On February 7, 2023, the Fayette Circuit Court entered an Order referring the matter to the Master Commissioner for the purpose of effecting a judicial sale. *See id*. at "Order Referring Case to Master Commissioner for Sale" filed on 02/07/2023.  On February 22, 2023, the Fayette Circuit Court entered an Order of Sale ordering the property to be sold by the Master Commissioner on March 27, 2023 at 12:00 noon.  *Id*. at "Order-Other" filed on 02/22/2023 (Order of Sale).

Miniard's complaint filed in this Court includes a request that the Court issue a preliminary injunction pursuant to Fed. R. Civ. P. 65 to stop the March 27, 2023 sale of the property at 3801 Boston Road.  *See* DE 1 at p. 2.  In addition to this request in his complaint, Miniard has also filed two motions for emergency injunctive relief.  *See* DE 5, 6.  Miniard's "Motion for Emergency

5

Injunction Relief Master Commissioner Sale," DE 5, is set forth in the same rambling, disjointed manner as his complaint, although it appears to echo the same general claims for relief as set forth in his complaint. Miniard states that the "concise facts surrounding Judgment from Fayette Circuit Court Action NO 21-CI-3195 and resulting Order of Sale Plaintiffs property 3801 Boston Road Lexington KY where Levied by LFUCG Code Enforcement in series of actions that were Personal, Selective, and Excessive in Enforcement while acting under the 'Color of the Law' full effect of declension at deprivation of Plaintiffs rights within framework of 42 USC Section 1983." *See* DE 5 at 1. According to Miniard:

> The Defendant real objective is to deprive Plaintiff of rights to own property at 3801 Boston Road Lexington KY: Trying to silence Plaintiff for demanding similar level of Code Enforcement to Ball Homes, and Dale Heirs. In addition to conceal corruption with Ball Homes and internal gross neglect needed repairs of storm water infrastructure control fixtures that post 'Safety and Hazardous' site conditions being dangerous to Plaintiffs crews attempting to abate alleged Code Enforcement violations.

*Id*. at 1-2.

Miniard further argues that the acts of the LFUCG and its officers "are personal towards the Plaintiff as a person" and "are distinctively personal and not those towards Plaintiffs business entities. Whereby the Plaintiff is 100% sole stockholder of the LLC entity" that owns the property. *Id*. at 2. In this motion, Miniard frames his request for relief as follows: "EMERGENCY HEARING FOR EMERGENCY INJUNCTION RELIEF MASTER COMMISIONER SALE property 3801 Boston Road Lexington KY before 03-27-2023." *Id*.

In his "Motion for Emergency Injunction Relief Stop Master Commissioner Sale," DE 6, Miniard alleges that a cashier's check payable to LFUCG in the amount of $8,416.70—the payoff amount for the fines resulting from the code violations at 3801 Boston Road—was made available on March 9, 2023, but was not accepted "for reasons not stated[.]" *See* DE 6 at 2. Since payment

6

was not accepted, the sale of the property was not canceled. *Id*. Miniard claims that LFUCG's failure to accept this payment inflicts "cruel and unusual punishment" on Miniard in violation of his Eighth Amendment rights. *Id*. Based upon these claims, Minard requests that this Court issue an emergency order stopping the Master Commissioner's sale. *Id*.

However, both of Miniard's motions will be denied for both procedural and substantive reasons.

**B.**

As an initial matter, it is not entirely clear whether Miniard is requesting a preliminary injunction pursuant to Fed. R. Civ. P. 65(a) or a temporary restraining order ("TRO") pursuant to Fed. R. Civ. P. 65(b). To the extent that Miniard's request for relief could be framed as a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a), a preliminary injunction may be issued only on notice to the adverse party. *See* Fed. R. Civ. P. 65(a). As noted herein, Miniard has not even requested that summons be issued in this case, much less properly served Defendants with summons and a copy of his complaint.

Thus, because Miniard's motions appear to request immediate injunctive relief without notice to Defendants, the Court will construe his motions as motions for a TRO pursuant to Fed. R. Civ. P. 65(b). Because a TRO is issued *ex parte*, it is granted only in exceptional circumstances, as "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *First Tech. Safety Systems, Inc. v. Depinet*, 11 F. 3d 641, 650 (6th Cir. 1993). Such *ex parte* orders are generally permissible only "where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found." *Id*.

7

Pursuant to Federal Rule of Civil Procedure 65(b), a TRO is available only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Rule 65(b)(1)(A), (B). Miniard's complaint is not verified, nor are either of his motions supported by an affidavit. In addition, Miniard does not provide any reason why notice should not be required in this case. For these reasons, Miniard fails to meet the procedural requirements for a TRO.

### C.

In addition, as a substantive matter, Miniard does not provide the Court with an adequate evidentiary foundation or legal basis upon which to conclude that the drastic relief that he seeks is warranted at this juncture. "A preliminary injunction is an extraordinary remedy reserved only for cases where it is necessary to preserve the status quo until trial." *Hall v. Edgewood Partners Insurance Center, Inc.*, 878 F.3d 524, 526 (6th Cir. 2017) (citations omitted). Such an "extraordinary and drastic" remedy should "only be awarded upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

In determining whether to grant injunctive relief, the Court considers (1) whether the moving party has shown a strong likelihood that he will succeed on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not granted; (3) whether granting the injunction will cause substantial harm to others; and (4) whether the public interest would be served by the injunction. *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012). These

elements are factors to be considered and balanced in each case, not rigid requirements. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). While "no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

1.

Here, Miniard fails to show a strong likelihood of success on the merits. In fact, a review of his pleadings shows that he is highly *unlikely* to succeed on his claims. First, much of Miniard's complaint relates to his claims that LFUCG has discriminated against him by selectively enforcing code violations against the property owned by RUBG, but not other similarly-situated property owners. However, RUBG withdrew these very claims in the underlying state court litigation, recognizing that it was procedurally precluded from raising them for the first time in state Circuit Court. *See LFUCG v. Realty Unlimited Bluegrass, LLC, and Unknown Occcupants*, No. 21-CI-3195 (Fayette Cir. Ct. 2021) at "Motion to Amend" filed on 04/12/2022; "Exhibit" filed on 04/12/2022 (Amended Answer). It is unclear why such claims could, nevertheless, be raised in this Court.

More importantly, even if these claims are viable, Miniard's own pleadings establish that he is *not* the owner of the property at issue; rather the owner of the property is RUBG, which is a Limited Liability Company ("LLC"). *See* DE 1 at p. 6; DE 5 at p. 2. While Miniard signs his pleadings as "Attorney pro se," Miniard is not an attorney admitted to practice in this Court. Pursuant to 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

However, the United States Court of Appeals for the Sixth Circuit has consistently interpreted § 1654 "as prohibiting pro se litigations from trying to assert the rights of others." *Olagues v. Timken*, 908 F.3d 200 (6th Cir. 2018) (collecting cases). *See also Crawford v. United States Dep't of Treasury,* 868 F.3d 438, 455 (6th Cir. 2017) ("Generally, a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). The rule against non-lawyer representation applies for good reason, as it "protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Olagues*, 908 F.3d 200 (quoting *Bass v. Leatherwood*, 788 F.3d 228, 230 (2015)). Thus, "while a pro se plaintiff can 'squander' his own rights, he cannot waste the rights of other persons or entities." *Id*. For these reasons, as a "pro se" litigant, Miniard may only pursue claims on his own behalf, not on the behalf of other individuals or entities, including RUBG.

Indeed, "[i]t has been the law for the for the better part of two centuries…, that a corporation may appear in the federal courts only through licensed counsel." *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (citations omitted). *See also Harris v. Akron Dep't of Pub. Health*, 10 F. App'x 316, 319 (6th Cir. 2001); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970) ("An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation."). "The rationale for that rule applies equally to all artificial entities," thus § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202. An LLC gets the same treatment.

Accordingly, LLCs (such as RUBG) may only appear in court through a licensed attorney and may not be represented by a member proceeding pro se. *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms…, a limited liability company also may appear in federal court only through a licensed attorney.") (citations omitted); *180 E. Broad Partners LLC v. Ohio Dep't of Tax'n*, 1983 F. Supp. 3d 1, 1-2 (D.D.C. 2014) (dismissing complaint because LLC plaintiff "is an artificial entity that is not properly before the Court because it is not represented by counsel"); *In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 294 (Bankr. N.D. Ohio 2001) ("Thus, whether an LLC is viewed as a corporation or a partnership or a hybrid, it may only appear in court through an attorney."). While Miniard appears to believe that he may appear as an "Attorney Pro Se" and pursue RUBG's claims on its behalf because he is the sole member/owner of the LLC, the rule prohibiting non-lawyer representation also applies to sole member or solely-owned limited liability companies. *See Lattanzio*, 481 F.3d at 140 ("[A] sole member of a limited liability company must bear the burdens that accompany the benefits of the corporate form and may appear in federal court only through a licensed attorney.").

For all of these reasons, Miniard has no right to pursue the claims belonging to RUBG alleged in his complaint, including his claims of discriminatory and selective code enforcement, thus he has little to no likelihood of success on the merits of his claims.

**2.**

In addition, public interest would be harmed if the Court granted the injunctive relief that Miniard seeks because it would directly interfere with ongoing state judicial proceedings. While Miniard requests that this Court enjoin the Master Commissioner's sale of the property as ordered

by the Fayette Circuit Court, longstanding public policy directs federal courts to refrain from exercising their otherwise valid jurisdiction where doing so would interfere with ongoing state proceedings, absent truly extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Although *Younger* involved ongoing state criminal proceedings, the *Younger* abstention doctrine has been applied in civil proceedings as well. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998) (recognizing that the Supreme Court has extended the principles of *Younger* to civil enforcement actions, such as city code enforcement actions). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-11 (1987) (noting that the concerns for proper respect for state functions "mandates application of *Younger* abstention not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government."). *Younger* abstention is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). For these reasons, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger*, 401 U.S. at 45.

"There are three requirements for proper invocation of *Younger* abstention: '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan,* 921 F.2d 635, 639 (6th Cir. 1990) (citation omitted)). The state judicial proceedings related to the sale of the property are ongoing and there is undoubtedly an

12

important state interest in the enforcement of the LFUCG's property ordinances that is implicated in those proceedings. *See Carroll*, 139 F.3d at 1075 (recognizing that a city's civil enforcement action involves "the state's important interest in enforcing its state a local housing codes.").

In addition, due respect for the legal process in state courts precludes any presumption that state courts are unable or unwilling to safeguard federal constitutional rights. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). Nothing in Miniard's complaint or his motions indicates the presence of any factor that "render[s] the state court incapable of fairly and fully adjudicating the federal issues before it" as required to satisfy the "extraordinary circumstances" exception. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975). Rather, RUBG has been represented by counsel throughout the state court proceedings and there has been no suggestion that it did not have an adequate opportunity in the state proceedings, and within the administrative rubric, to raise any constitutional objections throughout the litigation over the property. *Younger* abstention is therefore warranted and appropriate with respect to Miniard's claims. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings).

Even if the Court concluded that, as a practical matter, the sale of RUBG's property may indirectly harm Miniard based on his status as a member of the LLC that owns the property, this tangential harm is insufficient to outweigh that he has little to no likelihood of success on the merits of his claim and/or the harm to the public interest if this Court ignored the *Younger* doctrine and interfered with the ongoing state court proceedings. For all of these reasons, Miniard is not entitled to the injunctive relief that he seeks and his motions for injunctive relief will be denied.

Accordingly, it is hereby **ORDERED** as follows:

1. The Court **DENIES** DE 5;

2. The Court **DENIES** DE 6; and

3. Miniard is advised that, pursuant to Fed. R. Civ. P. 4(m), **if any defendant is not properly served within 90 days from the date that the complaint was filed, Miniard's claims against that defendant will be dismissed without prejudice.**

This the 21st day of March, 2023.

Signed By:
Robert E. Wier  *REW*
United States District Judge